IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STUART L. STEIN, AND STUART L. STEIN,
P.A., a professional law corporation d/b/a The
Stein Law Firm,

                Plaintiffs,

v.                                                                                          No. CIV 03-450 LFG/RHS

LEGAL ADVERTISING COMMITTEE OF
THE DISCIPLINARY BOARD, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court[1] on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, filed April 14, 2003 [docs. 2, 3, 4] and Defendants' Motion to Dismiss Based on Principles of Abstention and/or Exhaustion, filed April 21, 2003 [doc. 11]. On April 14, 2003, Plaintiffs filed this Complaint for civil rights against the Legal Advertising Committee of the Disciplinary Board ("LAC"), Kelly A. Genova, Chair, Stan Harris, Suzanne M. Barker, C. Brian Charlton, John P. Cosentino, Michael P. Fricke, Troy W. Prichard, Gregory P. Sherman, Diane Helgevold, Barbara Montoya, and Dr. Phillip J. Simmons, all members of the LAC ("members of the LAC"), the Honorable Petra Maes, the Honorable Pamela B. Minzner, the Honorable Patricio M.

---

[1] All parties have agreed to proceed before the Magistrate Judge. [Docs. 7, 10.]

1

Serna, the Honorable Richard C. Bosson, and the Honorable Edward L. Chavez, the Chief Justice and Justices of the Supreme Court of New Mexico. In an earlier lawsuit ("Stein I"), Plaintiffs Stuart L. Stein and Stuart L. Stein P.A., sought to enjoin the State Bar disciplinary proceeding while Plaintiffs challenged the constitutionality of the State Supreme Court's policies and procedures relating to lawyer advertising. The Complaint in Stein II raises constitutional claims concerning several proposed legal advertisements that Stuart L. Stein ("Stein" or "Plaintiffs") recently submitted for approval to the LAC, and which the LAC did not approve in April 2003.

The Stein II Complaint is remarkably similar to the First Amended Complaint filed by these same Plaintiffs against virtually the same Defendants in No. CIV 02-917 ("Stein I").[2] The First Amended Complaint in Stein I concerned earlier proposed legal advertising by Stein that the LAC refused to approve. On February 6, 2003, this Court granted the defendants' motion to dismiss and dismissed Stein I, without prejudice, in accordance with principles of Younger abstention and exhaustion. [Doc. 65, No. CIV 02-917.] Plaintiffs were advised in Stein I that the case might be reinstated after resolution of the related and ongoing state disciplinary proceedings against Plaintiffs and after Plaintiffs had exhausted their administrative remedies. [Doc. 65, No. CIV 02-917.] An almost identical Motion to Dismiss is now before the Court in Stein II.

After Plaintiffs filed their Motion for Temporary Restraining Order ("TRO") in Stein II, the Court set a hearing for April 21, 2003. On the morning of the hearing, Defendants filed their Motion to Dismiss and a Response to Plaintiffs' Motion for TRO. [Docs. 11, 12.] No additional briefing on the Motion to Dismiss is required. The April 21 hearing was attended by Plaintiffs' counsel, Stuart

---

[2] Unlike this case, in Stein I, Plaintiffs named the Disciplinary Board and its members as Defendants and had stipulated to the dismissal of the New Mexico Supreme Court Justices.

L. Stein and defense counsel, Jerry A. Walz and Anthony Trujillo. As the Younger doctrine requires that the Court abstain from hearing a case if certain prerequisites are present, and with the concurrence of counsel, the Court elected to hear argument first by Defendants on their Motion to Dismiss, before deciding whether argument was necessary on Plaintiffs' Motion for TRO. After carefully considering the parties' arguments, their pleadings and the pertinent law, the Court ruled from the bench that Defendants' Motion to Dismiss, based on principles of Younger abstention and exhaustion would be granted. Thus, Stein II, like Stein I, will be dismissed, without prejudice, pending resolution of the ongoing state disciplinary proceedings against Plaintiffs and exhaustion of Plaintiffs' administrative remedies.

Similar to Stein I, Defendants request dismissal of this lawsuit under Rules 12(b)(1) and/or (6)[3] of the Federal Rules of Civil Procedure, based on their argument that the Court should abstain, under principles of Younger, from considering the merits of an ongoing disciplinary action taken against Plaintiffs. More specifically, Defendants assert that all "facial" constitutional claims raised by Plaintiffs could be raised and considered in the ongoing Stein Disciplinary Proceeding (that was precipitated by allegations underlying the Stein I complaint). In Stein II, Defendants also argue that the "as applied" constitutional claims brought by Plaintiffs against the New Mexico Supreme Court are not ripe and that the "as applied" claims against the LAC are part of a mandatory review process, thereby requiring federal court abstention. Defendants further claim that even allegations concerning

---

[3] It is proper to consider matters outside the pleadings for purposes of deciding a motion to dismiss that is based on abstention. Hazbun Escaf v. Rodriquez, 191 F.Supp. 2d 685, 687 n.7 (E.D. Va.), *aff'd* 52 Fed. Appx. 207 (4th Cir. 2002). Consideration of a motion to dismiss based on principles of abstention is similar to a motion to dismiss for lack of subject matter jurisdiction. In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court is permitted to review affidavits and other evidence to resolve factual disputes. Thus, matters outside the pleadings have been considered in deciding the question of abstention. *See* 2A Moore's Federal Practice ¶ 12.07[2.-1]; Rule 12(b) of the Federal Rules of Civil Procedure.

new legal advertisements involve either a direct attack or collateral attack on the ongoing disciplinary proceeding, again warranting abstention at this point. Additionally, Defendants argue that this Court should abstain until Plaintiffs have exhausted their administrative remedies.

The Younger abstention doctrine generally requires federal courts to abstain from hearing federal constitutional claims that involve or call into question ongoing state procedures. Younger v. Harris, 401 U.S. 37, 43-44, 91 S.Ct. 746 (1971). If the requirements for Younger abstention are met, abstention is mandatory. Amanatullah v. Colorado Board of Medical Examiners, 187 F.3d 1160, 1163 (10th Cir. 1999). Before the Court abstains under Younger, the following requirements must be satisfied: (1) existence of an ongoing civil or administrative proceeding that is "judicial in nature"; (2) showing that the state proceedings involve important state interests; and (3) existence of an adequate forum to hear the claims raised in the federal complaint.[4] Id.

At the April 21 hearing, the Court directed Stein to address why Defendants' Motion to Dismiss in Stein II warranted a different result than that reached in Stein I. Stein explained that he understood the Court's ruling in Stein I to be premised, in part, on the finding of an ongoing administrative proceeding, which he contends is not the situation in Stein II. More specifically, Stein argued that unlike the legal ads at issue in Stein I, that were the subject of an investigation and "almost two years of conflict" between Stein and the defendants in Stein I, these more recent ads have not (yet) resulted in an investigation by the Disciplinary Board, a threat of disciplinary action against Stein or an actual disciplinary proceeding against Stein. Put simply, Stein submitted the ads and learned that the LAC would not approve them. He took no further steps in corresponding with the

---

[4] For a more thorough discussion of the Younger abstention doctrine, the Court relies on and refers to its prior Memorandum Opinion and Order entered in Stein I. [Doc. 65, No. CIV 02-917.]

LAC or Disciplinary Board about the ads, and instead, immediately filed Stein II.  Essentially, Stein claims he has "done it right" this time, by not corresponding with the Disciplinary Board about these legal ads and not waiting until he was threatened with disciplinary action or the matter was referred to the Disciplinary Board.  Thus, he claims there is no investigation or <u>ongoing</u> disciplinary proceeding against him with respect to these newer legal ads.  At most, LAC advised Stein that unless he withdrew his proposed ads, the LAC would refer the matter to the Disciplinary Board for initiating of disciplinary proceedings against him.

As stated at the April 21 hearing, the Court finds some appeal in Stein's argument.  However, the fact that Stein I and the related disciplinary proceedings involve virtually identical constitutional claims concerning very similar legal advertising issues as those raised here in Stein II, supports abstention once again.  The Court cannot look at Stein II in a vacuum or without reference to Stein I and the ongoing disciplinary proceedings in that matter.  In those disciplinary proceedings, Stein does not now dispute that he has been permitted to raise all of his constitutional claims as affirmative defenses and that those claims will be considered.  He also apparently does not contest that he will be able to ask the New Mexico Supreme Court for review of any adverse administrative decision and if aggrieved by the final determination of the New Mexico Supreme Court, could file a petition for writ of certiorari with the United States Supreme Court.  On the issue of whether there is an ongoing administrative proceeding here, the Court might have ruled differently if there were no Stein I and no ongoing disciplinary proceeding concerning these very same issues and claims.  However, under these circumstances, the Court rejects Plaintiffs' attempt to distinguish these matters.  Any ruling by the Court in Stein II would necessarily impact and could well interfere with the disciplinary proceedings or even action by the State's high court.

5

The Court's reasoning, in part, is that Stein will be able to raise the constitutional claims asserted in Stein II during the ongoing disciplinary proceedings arising from the allegations in Stein I. For purposes of judicial economy, it makes sense to allow Plaintiffs to raise all of these related claims in the disciplinary proceedings and for Defendants to defend against those claims in one administrative proceeding. In addition, these issues involving the regulation of legal advertising are exactly the type of matters that the State has an important interest in regulating and resolving. The State's interest is evinced by its comprehensive regulation of legal advertising in New Mexico. *See* Doc. 65 in No. CIV 02-917. These are the very reasons why the principles of comity and respect for state court proceedings compel abstention. Moreover, Plaintiffs do not dispute that these issues involve important state interests sufficient to meet the second prong of the <u>Younger</u> abstention doctrine.

Thus, for these reasons and those set out in the Court's opinion in No. CIV 02-917 [doc. 65], the Court grants Defendants' Motion to Dismiss, based on grounds of <u>Younger</u> abstention and exhaustion. Plaintiffs' Complaint in Stein II will be dismissed, without prejudice.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [doc. 11] is GRANTED and that Plaintiffs' Complaint [doc. 1] is dismissed, without prejudice;

Plaintiffs' Motion for Temporary Restraining Order [doc. 2] is DENIED as moot, by virtue of the dismissal of the Complaint; and

Plaintiffs' Motion to Consolidate [doc. 5] this case with No. CIV 02-917 is DENIED as moot.

                                                   Lorenzo F. Garcia
                                                   Chief United States Magistrate Judge